ERVIN, Judge.
Appellant’s sentence arising from his conviction for manslaughter with a firearm is reversed and remanded with directions. That portion of the sentence which imposes the three-year mandatory minimum provisions of Section 775.087(2), Florida Statutes (1987), must be deleted from the sentence, because section 775.-087(2) does not apply to manslaughter convictions. See Murray v. State, 491 So.2d 1120 (Fla.1986); Hartley v. State, 531 So.2d 990 (Fla. 1st DCA 1988).
Additionally, that portion of the sentence in which the judge retained personal jurisdiction over the case must be deleted, because appellant was sentenced under the guidelines. Hansbrough v. State, 509 So.2d 1081, 1087 (Fla.1987) (“Because the sentencing guidelines apply to that sentence, however, the trial court should not have retained jurisdiction for one-third of the armed robbery sentence.”); Wright v. State, 487 So.2d 1176, 1177 (Fla. 1st DCA 1986) (trial court directed on remand to strike that portion of the sentence retaining jurisdiction, because the defendant was sentenced under the guidelines).
As to the state’s argument that appellant should be resentenced for a first degree felony rather than a second degree felony by virtue of Section 775.087(l)(b), Florida Statutes (1987), we initially note that the state did not cross-appeal the sentence imposed. And, even if the state’s argument could somehow be considered a cross-appeal, we respond that the state and the trial court are precluded from enhancing the degree of appellant’s convicted offense. See State ex rel. Gutierrez v. Baker, 276 So.2d 470, 472 (Fla.1973). If it is not fundamental error for the defendant to plead to crimes not charged,[1] or to crimes not supported by the facts,[2] then, by analogy, it is not fundamental error for the state to negotiate, and the court to accept, a plea to a crime that should have been enhanced by virtue of section 775.087(1)(b), but was not. See also Troupe v. Rowe, 283 So.2d 857 (Fla.1973) (double jeopardy considerations).
REVERSED and REMANDED for further proceedings consistent with this opinion.
*889 ZEHMER, J., concurs with written opinion.
NIMMONS, J., concurs in part and dissents in part with written opinion.

. See, e.g., Ray v. State, 403 So.2d 956 (Fla.1981).

. See, e.g., Hoover v. State, 530 So.2d 308 (Fla.1988).