PER CURIAM.
This cause is before us on appeal from judgments and sentences following jury trial for two counts of attempted manslaughter and one count of aggravated battery. Appellant was sentenced to three years’ incarceration followed by five years’ probation on each count, the sentences to run concurrently. The trial court further ordered on each count concurrent three-year minimum mandatory sentences pursuant to Section 775.087(2), Florida Statutes.
Appellant correctly contends, as conceded by the State, that attempted manslaughter is not subject to the three-year minimum mandatory provisions of Section 775.087(2), Florida Statutes. See Gainey v. State, 557 So.2d 887 (Fla. 1st DCA 1990). Therefore, we must reverse and remand for deletion of the minimum mandatory penalty as to manslaughter.
We also direct the trial court to correct an apparent scrivener’s error. At trial, appellant was found guilty of aggravated battery in violation of Section 784.045, Florida Statutes. Section 784.045 categorizes aggravated battery as a second-degree felony. In the instant case, the judgment indicates that aggravated battery is a third-degree felony. This apparent scrivener’s error must be corrected.
Accordingly, we affirm the judgment of conviction but remand for deletion of the minimum mandatory sentences with regard to the manslaughter convictions, and for correction of the apparent scrivener’s error.
BOOTH, SMITH and BARFIELD, JJ., concur.