PER CURIAM.
This is an appeal from an order denying a defendant’s 3.800(a) motion for correction of an illegal sentence.
After pleading nolo contendere, the defendant was convicted of possession of a firearm by a convicted felon (§ 790.23, Fla. Stat.) and possession of cocaine (§ 893.-03(2)(a)4, Fla.Stat.) in ease no. 89-199. After a jury trial the defendant was found guilty and convicted of resisting a law enforcement officer with violence (§ 843.01, Fla.Stat.) and evidence tampering (§ 918.-13(l)(a), Fla.Stat.) in case no. 89-350.
The court sentenced the defendant on both cases on the same day. At the sentencing hearing the State sought enhanced sentences under the habitual offender statute. See generally section 775.084, Florida Statutes. The State offered certification of prior convictions to support the habitual offender status. After hearing argument the trial court adjudicated the defendant guilty in cases 89-199 and 89-350. The trial court adjudicated the defendant to be an habitual offender in case 89-350 but did not make such an adjudication in case 89-199.
The written sentences in case 89-199 indicate consecutive ten year sentences for the two convictions. The written sentences in ease 89-350 indicate a ten year sentence for the resisting an officer conviction (on Count I) consecutive to a five year sentence for the evidence tampering conviction (on Count II). Neither written sentence indicated that the defendant was adjudged an habitual offender. On May 24, 1989, the court entered a corrected sentence in 89-350 in which the habitual offender status box was marked.
The defendant appealed these convictions. This court affirmed without opinion. See Pinellas v. State, 560 So.2d 1182 (Fla. 5th DCA 1990).
In Case 89-199 the scoresheet prepared indicated a guidelines recommended range of 3¾⅛ to 4½ years incarceration. The consecutive ten-year sentences represent an unauthorized guideline departure because the defendant was not adjudicated an habitual offender in that case and no written reasons for departure were given.
In addition the sentence imposed in case 89-199 for possession of cocaine exceeds the statutory maximum penalty of five years for a third degree felony. See § 893.13(l)(f), Fla.Stat.
The trial court erred in denying the 3.800(a) motion as to the sentences imposed in case 89-199. The case is remanded for the trial court to correct these sentences by sentencing defendant within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
SENTENCES VACATED; CAUSE REMANDED.
DAUKSCH, COWART and GRIFFIN, JJ., concur.