617 So.2d 1134 (1993)
Michael BEDFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2609.
District Court of Appeal of Florida, Fourth District.
May 12, 1993.
Michael Bedford, pro se.
*1135 Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Associate Judge.
Appellant's death sentence for first degree murder was vacated, Bedford v. State, 589 So.2d 245 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1773, 118 L.Ed.2d 432 (1992), and upon remand he was resentenced on the murder count and on the separate kidnapping count. He asserts here, on appeal from denial of a motion under 3.800, Rules of Criminal Procedure, that the consecutive life sentence which he received on the separate count of kidnapping was illegal because the court, as it did in resentencing on the murder conviction, imposed a sentence "without possibility of parole for twenty-five years". We affirm under the doctrine of law of the case.
Upon conviction appellant was sentenced to death on the murder count and sentenced to a consecutive life sentence "without possibility of parole" on the kidnapping count. The supreme court affirmed the convictions on both counts as well as the sentence for kidnapping. Bedford v. State, 589 So.2d 245 (Fla. 1991), cert. denied. The court explicitly recognized that the sentence imposed upon appellant for the kidnapping count was a consecutive life sentence without possibility of parole. Id. 249. Because the validity of the sentence which appellant received on the kidnapping count has been approved by the supreme court we are not at liberty to disturb it.
While it is true that the sentence on the kidnapping count approved by the supreme court was for a consecutive life sentence without possibility of parole, whereas the sentence ultimately imposed by the trial court upon resentencing was for a consecutive life sentence without possibility of parole for twenty-five years, the modification is one which benefits rather than harms appellant.
Affirmed.
HERSEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
Because our criminal justice system does not permit a defendant to serve a sentence that exceeds the maximum penalty permissible under our laws, appellant's Rule 3.800 motion should have been granted and his sentence corrected. As Judge Cowart of the fifth district has recognized:
All persons in prison under a sentence for the commission of a crime are there because the judicial system declared they did not follow and obey the law but, to the contrary, they did an illegal act. Certainly in imposing the sanctions of the law upon a defendant for illegal conduct the judicial system itself must follow and obey the law and not impose an illegal sentence, and, when one is discovered, the system should willingly remedy it. The purpose of all criminal justice rules, practices and procedures is to secure the just determination of every case in accordance with the substantive law. While imperfect, our criminal justice system must provide a remedy to one in confinement under an illegal sentence. There is no better objective than to seek to do justice to an imprisoned person.
Hayes v. State, 598 So.2d 135, 138 (Fla. 5th DCA 1992).
In addition to the traditional remedy of habeas corpus, this state has provided a specific rule of criminal procedure, Rule 3.800, which permits a defendant to seek relief from an illegal sentence. This rule affords a defendant who receives a sentence that exceeds the maximum provided by law the fundamental right to request at any time a sentence that fits within the confines of the law. See Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (en banc) (discussing purpose of rule), rev. denied, 613 So.2d 5 (Fla. 1992). Thus, an attack on an illegal sentence can be raised for the first time in a Rule 3.800 motion, even after an affirmance of the judgment and sentence on direct appeal. See id.; Anderson v. State, 584 So.2d 1127 (Fla. 4th *1136 DCA 1991); Pinellas v. State, 599 So.2d 272 (Fla. 5th DCA 1992).
Here, appellant did not challenge any of the mandatory provisions of his kidnapping sentence in the supreme court. Moreover, and perhaps more importantly, there is simply no legal basis for the provision of appellant's kidnapping sentence that it be served "without possibility of parole for twenty-five years." Hence, the supreme court's affirmance of appellant's life sentence could not have rested on this ground, nor can it be viewed as an approval of that aspect of the sentence. Since illegal sentences can be corrected at any time, even after an affirmance of the judgment and sentence on direct appeal, the doctrine of law of the case is inapplicable. Yet, the effect of our holding here is that no relief is available under Rule 3.800 where there has been a prior appeal resulting in an affirmance of a sentence, even though the sentence, or the alleged illegal aspect thereof, was not challenged on appeal. This holding emasculates the purpose and usefulness of Rule 3.800.