637 So.2d 937 (1994)
Richard W. BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00333.
District Court of Appeal of Florida, Second District.
May 13, 1994.
PER CURIAM.
Richard W. Burns appeals the denial of his motion to correct an illegal sentence. We reverse.
Burns pled no contest to attempted capital sexual battery and four counts of lewd and lascivious acts on a child. Burns asserts that he entered his plea in exchange for a guideline sentence. The sentencing guidelines called for a sentence of seventeen to twenty two years. The plea agreement called for a sentence of twenty years' prison for count one to be served concurrently with ten years' prison for the four other counts. The prison sentences were to be followed by ten years of probation on all counts to run concurrently.
Burns contests the addition of victim injury points to his scoresheet total. He asserts that his sentence is an upward departure sentence where no contemporaneous written reasons were entered to justify the departure, due to the erroneous addition of victim injury points. Burns claims that this error would place him one cell lower on the sentencing range of the guideline scoresheet. The trial court denied his motion as an abuse of process, asserting that this was his fifth motion attacking his plea. There is nothing attached to the court's order substantiating the assertion that these issues were considered by the trial court in its ruling on previous motions.
The trial court justifies its assessment of the abuse of process by citing two cases dealing with postconviction relief under Florida Rules of Criminal Procedure 3.850, where there is a limitation on when motions can be filed and what constitutes an abuse of procedure. Spaziano v. State, 545 So.2d 843 (Fla. 1989); and McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987). A rule 3.800 motion has no such limitations. However, if the merit of these issues has been the subject of prior orders, there is no reason for the court to address them again in absence of a change in case law.
On remand, if the trial court again denies the motion, it should attach to the order *938 those documents that conclusively demonstrate that Burns is not entitled to relief.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL and LAZZARA, JJ., concur.