PER CURIAM.
This is an appeal by the defendant Ralph Nathaniel Miller from a trial court order denying his motion to correct an illegal sentence under Fla.R.Crim.P. 3.800(a). Based on the state’s confession of error, which we *366 accept as well-taken, we reverse the order appealed from based on a holding that where, as here, a sentence is imposed under the sentencing guidelines, the trial court has no authority to retain jurisdiction over the defendant’s sentence. Hansbrough v. State, 509 So.2d 1081,1087 (Fla.1987) (“Because the sentencing guidelines apply to that sentence, however, the trial court should not have retained jurisdiction for one-third of the armed robbery sentence.”); Gainey v. State, 557 So.2d 887 (Fla. 1st DCA 1990). We find no merit, however, in the remaining arguments raised by the defendant on appeal.
Accordingly, the order under review is reversed, and the cause is remanded to the trial court with directions to grant, in part, the motion to correct illegal sentence and delete that portion of the defendant’s sentence for sexual battery which retains jurisdiction over the defendant’s sentence by denying the defendant any eligibility for parole.
Reversed and remanded.