675 So.2d 170 (1996)
Wayne E. RALEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2070.
District Court of Appeal of Florida, Fifth District.
May 10, 1996.
Rehearing Denied June 18, 1996.
*171 Wayne Edgar Raley, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Wayne E. Raley is serving a prison term in Tomoka Correctional Institution for the crime of sexual battery. He appeals the trial court's order summarily denying his petition for writ of habeas corpus, contending that he should be released immediately because he is serving an illegal sentence. We affirm in part, and vacate in part.
In his pro se petition for writ of habeas corpus, Mr. Raley alleged that his sentence is illegal because (1) the trial court failed to give him an opportunity to be sentenced under the new sentencing guidelines; (2) the trial court erred in retaining jurisdiction over his guidelines sentence; (3) the trial court improperly calculated his sentencing guidelines scoresheet; (4) the trial court improperly imposed a departure sentence; (5) the trial court failed to issue a written sentencing order that conformed with the court's oral findings; and, (6) the trial court failed to make proper findings in accordance with the Florida Statutes pertaining to "mentally disordered sex offenders."
In denying the writ, the trial court set forth two reasons to support its ruling: (1) The Orange County circuit court lacked jurisdiction to grant the defendant habeas corpus relief because he was incarcerated in Volusia County; and (2) Mr. Raley's claims concerning the legality of his sentence were not cognizable for post-conviction relief because the issues had already been addressed and rejected in prior rules 3.850[1] and *172 3.800(a)[2] proceedings.
The trial court was correct that habeas corpus relief is not available in Orange County since Mr. Raley is incarcerated in Volusia County. Section 79.09, Florida Statutes (1993), requires that petitions for habeas corpus be filed with the clerk of the court in the county where the defendant is detained. Thus, Mr. Raley should have pursued habeas corpus relief in Volusia County where he is detained and where the writ, if issued, would have been executed. Campbell v. Florida Parole Commission, 630 So.2d 1210 (Fla. 1st DCA 1994). Accord Newman v. Hornsby, 385 So.2d 1106 (Fla. 5th DCA 1980). The trial court properly recognized that it lacked authority to rule upon a petition for writ of habeas corpus filed by a prisoner detained outside the court's territorial jurisdiction. Savage v. State, 662 So.2d 750 (Fla. 4th DCA 1995).
Even though habeas corpus relief was not available, the trial court could have considered Mr. Raley's petition to be a request for relief under rule 3.800(a). This is so because our courts are duty bound to correct an illegal sentence whenever presented with a motion indicating that the sentence is truly illegal.[3] Judge Cowart aptly described this responsibility as follows:
All persons in prison under a sentence for the commission of a crime are there because the judicial system declared they did not follow and obey the law but, to the contrary, they did an illegal act. Certainly in imposing the sanctions of the law upon a defendant for illegal conduct the judicial system itself must follow and obey the law and not impose an illegal sentence, and, when one is discovered, the system should willingly remedy it. The purpose of all criminal justice rules, practices and procedures is to secure the just determination of every case in accordance with the substantive law. While imperfect, our criminal justice system must provide remedy to one in confinement under an illegal sentence. There is no better objective than to seek to do justice to an imprisoned person.
Hayes v. State, 598 So.2d 135, 138 (Fla. 5th DCA 1992). The promulgation of rule 3.800(a) has enabled our courts to effectuate this responsibility.
The crux of the problem though has been outlining the scope of relief authorized under the rule, and defining what is meant by the term "illegal sentence." In recent years there have been numerous efforts made to answer this question. Our court has decided to adopt the second district's interpretation of the limited nature of rule 3.800(a) proceedings:
Rule 3.800 is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing.
*173 Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA 1991), rev. denied, 613 So.2d 5 (Fla. 1992).
The test often used to determine whether a defendant is entitled to rule 3.800(a) relief is whether the trial court could rule on the motion without conducting an evidentiary hearing. While this test still applies, the recent decisions in State v. Callaway, 658 So.2d 983 (Fla.1995), and Davis v. State, 661 So.2d 1193 (Fla.1995), appear to further narrow the scope of relief available under this rule. In Callaway, our supreme court, citing Judge, explained that there are three distinct categories of sentencing errors:
(1) An erroneous sentencing error which is cognizable upon direct appeal;
(2) An unlawful sentence which is correctable only after an evidentiary hearing under 3.850; and
(3) An illegal sentence which must be corrected as a matter of law in rule 3.800(a) proceeding.
Callaway, 658 So.2d at 988. Then, in Davis, the court stated that illegal sentences are those sentences which exceed the maximum sentences provided by law without regard to the sentencing guidelines. In other words, "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines..." and "[o]nly if a sentence exceeds the maximum allowed by law would the sentence be illegal." Davis, 661 So.2d at 1196.
Importantly, our courts are authorized to review a defendant's request for relief from an illegal sentence even though consideration of such a rule 3.800(a) motion would be successive to the consideration of the defendant's previously asserted claims for post-conviction relief because rule 3.800(a) specifically authorizes trial courts to correct an illegal sentence or scoresheet error "at any time." Florida courts have consistently ruled that, unlike rule 3.850 proceedings, there is no bar to successive rule 3.800(a) proceedings because the rule exists for the purpose of addressing illegal sentences. See Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995); Hayes v. State, 598 So.2d 135 (Fla. 5th DCA 1992). For example, in Bedford v. State, 633 So.2d 13 (Fla.1994), Bedford was convicted of first degree murder and kidnapping and was sentenced to the death penalty for the murder and a term of life in prison without eligibility for parole for the kidnapping. On direct appeal, the supreme court vacated Bedford's death penalty sentence but affirmed his life sentence. Bedford subsequently challenged his life sentence, seeking relief under rule 3.800(a) by asserting that the kidnapping sentence was illegal because it exceeded the maximum sentence provided by law to the extent it barred eligibility for parole. The trial court denied the motion and the district court affirmed, reasoning that the law of the case doctrine precluded Bedford from challenging his kidnapping sentence because the sentence had been affirmed by the supreme court on direct appeal.[4] However, the supreme court reversed, concluding that it was improper to deny rule 3.800(a) relief on the basis that Bedford's sentence had been affirmed on direct appeal since the issue of the legality of the kidnapping sentence had not been raised or adjudicated. Id. at 14:
Does this mean that the law of the case doctrine has no application in disposing of rule 3.800(a) claims for relief? We do not think so. In our view, the law of the case doctrine is viable in those post-conviction proceedings wherein a defendant requests review of a specific claim of error which has been already raised and decided by an appellate court. For example, a defendant is not permitted to re-litigate in a rule 3.800(a) proceeding a claim of error which was raised and rejected on direct appeal. Pula v. State, 652 So.2d 981 (Fla. 5th DCA 1995); White v. State, 651 So.2d 726 (Fla. 5th DCA 1995), approved, 666 So.2d 895 (Fla.1996). Likewise, a defendant is not entitled to successive review of a specific issue decided against him in an earlier post-conviction proceeding, even if the question pertains to the legality of his *174 sentence. Burns v. State, 637 So.2d 937 (Fla. 2d DCA 1994). To conclude otherwise would subject our courts to unrestrained barrages of successive motions filed by defendants claiming relief from illegal sentences.
Applying this law to the facts of the instant case, the first question necessarily becomes whether any of Mr. Raley's claims are barred by the law of the case doctrine. Our court is very familiar with Mr. Raley's sentence since this is his fifth appeal. Review of our court records reveals that in Raley v. State, 471 So.2d 57 (Fla. 5th DCA 1985), Mr. Raley filed a direct appeal challenging his departure sentence which was affirmed. Three years later, he filed an appeal from the trial court's order denying his motion for rule 3.850 relief. The appeal was dismissed, however, for failure to perfect the appeal. In 1989, we again received an appeal from the denial of Mr. Raley's request for post-conviction relief wherein he generally complained that his sentence was illegal. That appeal was also dismissed because he failed to comply with the rules of appellate procedure. We next heard from Mr. Raley in 1990, when he appealed the trial court's order denying his third motion for post-conviction relief. He complained that his sentence was illegal because he was not sentenced under the guidelines which were in effect at the time he committed the sexual battery. The trial court denied his request for relief and on appeal we affirmed. Raley v. State, 587 So.2d 1341 (Fla. 5th DCA 1991). Because these records demonstrate that this court has previously reviewed and rejected the claim that the trial court erred in failing to allow Mr. Raley to elect to be sentenced under the new sentencing guidelines, this claim for post-conviction relief is barred from rule 3.800(a) review by the law of the case doctrine.
Although none of Mr. Raley's remaining claims are barred by the law of the case doctrine, our review reveals that only one of his claims asserts a valid basis for rule 3.800(a) relief. First, Mr. Raley is not entitled to rule 3.800(a) relief on his claim that the sentencing court failed to make proper findings in accordance with the Florida Statutes pertaining to "mentally disordered sex offenders" because such error clearly does not pertain to whether his sentence is illegal or whether his scoresheet was properly calculated. Similarly, the trial court properly rejected the claim that he is entitled to rule 3.800(a) relief because the sentencing court erred in failing to issue a sentencing order which complied with its oral findings since this claim fails to allege that the sentence imposes "a penalty that is simply not authorized by law." Judge v. State, 596 So.2d at 76. These claims of error merely challenge the procedures followed by the trial court in imposing the sentence. Such errors constitute either an "erroneous" sentence which was correctable on direct appeal or an "unlawful" sentence which was correctable under rule 3.850.
It was also proper for the trial court to deny Mr. Raley's claim for relief on the basis that the sentencing court improperly imposed a departure sentence because this claim of error is directed to a sentencing guidelines issue. Our courts have consistently ruled that the trial court's failure to comply with the sentencing guidelines does not constitute an illegal sentence warranting relief under rule 3.800(a). See Davis v. State, 661 So.2d at 1197; Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993).
Next, we address Mr. Raley's claim that relief is warranted because the sentencing court erred in adding victim injury points to his sentencing guidelines scoresheet. Even though such an allegation does not appear to articulate a valid claim of illegality under Davis and Callaway, the allegation sets forth a valid basis for post-conviction relief because rule 3.800(a) specifically authorizes the trial court to correct scoresheet errors at any time.[5] In the instant case, however, post-conviction relief is not warranted because the defendant did not receive a guidelines sentence; he received a valid *175 departure sentence. A defendant's sentence need not be reversed on the claim of a scoresheet error when a valid departure sentence was imposed. See Russell v. State, 656 So.2d 203 (Fla. 5th DCA 1995).
Finally, while Mr. Raley is correct that it was improper for the sentencing court to retain jurisdiction over a portion of his guideline sentence,[6] we are reluctant to reverse the trial court's refusal to grant post-conviction relief on this basis. We acknowledge that our case law has established that the improper retention of jurisdiction constitutes an illegal sentence. Devane v. State, 548 So.2d 886 (Fla. 5th DCA 1989); Miller v. State, 649 So.2d 365 (Fla. 3d DCA 1995). However, we note that this case law predates the release of Davis and Callaway and thus raises the question whether such error falls within the limited confines of the Davis and Callaway definition of an illegal sentence. It appears to us that such error is analogous to the imposition of an improper departure sentence, and thus, cognizable only on direct review. However, since our courts have sanctioned the broad scope of review afforded by rule 3.800(a), we are constrained to do the same here. Accordingly, we vacate the sentencing court's retention of jurisdiction over a portion of Mr. Raley's guidelines sentence. See Bradley v. State, 468 So.2d 378 (Fla 1st DCA 1985), approved, 485 So.2d 1285 (Fla.1986).
In summary, we affirm the trial court's denial of the Mr. Raley's petition for a writ of habeas corpus, affirm the denial of 3.800(a) relief, but vacate the sentencing court's retention of jurisdiction over a portion of Mr. Raley's sentence.
AFFIRMED in part, VACATED in part.
DAUKSCH, J., concurs.
COBB, J., concurs in part, dissents in part, with opinion.
COBB, Judge, concurring in part, dissenting in part.
I would affirm the trial court in toto on the basis of Davis v. State, 661 So.2d 1193 (Fla. 1995) and State v. Callaway, 658 So.2d 983 (Fla.1995).
NOTES
[1] Florida Rule of Criminal Procedure 3.850(a) provides:

Rule 3.850 Motion to Vacate, Set Aside or Correct Sentence
(a) Grounds for Motion. A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released on the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or laws of the United States or of the State of Florida, that the court was without jurisdiction to enter the judgment or to impose sentence, that the sentence was in excess of the maximum authorized by law, that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack may move, in the court that entered the judgment or imposed the sentence, to vacate, set aside, or correct the judgment or sentence.
[2] Florida Rule of Criminal Procedure 3.800(a) provides:

Rule 3.800 Correction, Reduction, and Modification of Sentences
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.
[3] See Brown v. State, 664 So.2d 311, 312 (Fla. 1st DCA 1995) (our courts have the authority to treat prisoner petitions as if the proper remedy was sought if it would be in the interest of justice to do so).
[4] Justice Anstead, then a district court judge, dissented pointing out that to bar relief under rule 3.800(a) because a sentence has been affirmed on appeal, even though the illegal aspect of the sentence was not challenged, would emasculate "the purpose and usefulness of Rule 3.800." Bedford v. State, 617 So.2d 1134, 1136 (Fla. 4th DCA 1993).
[5] We detect no indication from our reading of Davis and Callaway that our supreme court intends to eliminate this alternative basis for post-conviction relief by retreating from the decision in State v. Whitfield, 487 So.2d 1045 (Fla.1986), which amended rule 3.800 to specifically authorize such relief. See also Karchesky v. State, 591 So.2d 930 (Fla.1992).
[6] See Hallman v. State, 560 So.2d 223, 228 (Fla. 1990); Carter v. State, 464 So.2d 172, 173 (Fla. 2d DCA), affirmed, 479 So.2d 117 (Fla.1985).