W. SHARP, Judge.
Marlow appeals from a summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), attempting once more to collaterally attack his sentences of three concurrent 30 year terms of incarceration for attempted sexual battery. He appealed his initial convictions and sentences in 1994, and this court affirmed per curiam without opinion. Marlow v. State, 632 So.2d 1044 (Fla. 5th DCA 1994). Then, Marlow filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, arguing his sentences exceeded the guidelines. The trial court denied the motion summarily and this court affirmed without opinion. Marlow v. State, 662 So.2d 359 (Fla. 5th DCA 1995).
In his present rule 3.800(a) motion, Marlow again argues the trial court should have sentenced him pursuant to the guidelines. This argument is successive. Even though the rules proceeded under have different numbers, and conceivably either could be used to challenge some sentences, they do not provide a second bite at the apple. In any event, the argument that the trial court exceeded the guidelines cannot be raised in a rule 3.800(a) motion. State v. Callaway, 658 So.2d 983 (Fla.1995); Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996).
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.