712 So.2d 780 (1998)
Lawrence G. KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-01331.
District Court of Appeal of Florida, Second District.
June 12, 1998.
*781 PER CURIAM.
Lawrence G. Kelly challenges the trial court's denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of relief on the issues relating to scoresheet errors and whether a golf club is a deadly weapon. We reverse the denial of relief on Kelly's assertions that counsel was ineffective for urging him to plead guilty to aggravated battery for hitting his brother with a golf club, which the police affidavit confirms was confined to one swing of the club following approximately fifteen shoves to the chest area, with no reported injuries, and on the issue that counsel was ineffective for inducing him to plead because he would be exposed to a fifteen-year sentence after trial.
Kelly's principal complaint against his trial attorney concerns counsel's unwillingness to explore an intoxication defense, which Kelly asserts he was advised was not a defense to aggravated battery. He alleges he advised counsel that he had family members, a sister and his father, who would confirm his inebriated condition at the time of the incident. This is a facially sufficient claim in the context of a plea of guilty or no contest to a specific intent crime, of which aggravated battery is one. See Stanley v. State, 703 So.2d 1156 (Fla. 2d DCA 1997); Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997); Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995). Since the record does not refute these allegations, Kelly is entitled to an evidentiary hearing on this issue.
Kelly also asserts he was induced into pleading guilty when counsel advised him that if he rejected the plea offer, which resulted in a sentence of three and one-half years, he would face the maximum sentence permissible for a second-degree felony, fifteen years. We have examined his guidelines scoresheet, note that his sentence lies at the bottom of the recommended range, and find that absent an upward departure or habitualization, his maximum exposure was 70.5 months in prison. If record attachments do not contradict his assertion, Kelly will be entitled to an evidentiary hearing on this claim as well. See Choi v. State, 692 So.2d 973 (Fla. 2d DCA 1997); see also Stott v. State, 701 So.2d 917 (Fla. 4th DCA 1997).
The trial court denied this motion on the basis that it was successive. The first collateral motion filed by Kelly, while denominated one filed pursuant to rule 3.850, is in fact a rule 3.800(a) motion asserting that his sentence is illegal. The motion under consideration in this appeal is Kelly's first attack on counsel, the voluntariness of the plea, and his conviction. It is not successive. See Wilson v. State, 692 So.2d 971 (Fla. 2d DCA 1997).
Affirmed in part, reversed in part, and remanded.
FRANK, A.C.J., and QUINCE and WHATLEY, JJ., concur.