724 So.2d 127 (1998)
Michael REID, Appellant,
v.
STATE of Florida, Appellee.
No. 98-684.
District Court of Appeal of Florida, First District.
November 20, 1998.
*128 Michael Reid, appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for appellee.
PER CURIAM.
In his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, appellant alleged ineffective assistance of counsel, in that counsel closed the defense case at trial without informing him of his right to testify or to waive that right. The trial court denied this motion as successive. The court ruled that appellant should have raised the claim of ineffective assistance in the motions for post-conviction relief he had previously filed. We disagree.
Each of appellant's previous motions was filed pursuant to Rule 3 .800 rather than rule 3.850. Even though the court treated those motions as having been filed under rule 3.850, appellant raised only sentencing issues in those previous motions. Because of the disparate nature of the claims, and because of the unique circumstance that the court considered each of the previous motions as having been filed under rule 3.850, even though appellant filed them under rule 3.800, the present motion should not be considered successive. See Williams v. State, 685 So.2d 1317 (Fla. 2d DCA 1996), and Kiser v. State, 649 So.2d 333 (Fla. 1st DCA 1995).
REVERSED and REMANDED for further proceedings.
JOANOS and KAHN, JJ., concur.
DAVIS, J., concurs in result.