PER CURIAM.
Andres L. Orosco appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court’s order denied Oros-co’s motion on the ground that it was successive of his prior rule 3.850 motion, in which Orosco contended that the trial court failed to inform him that by pleading guilty, he would be subject to deportation. We affirm the trial court’s order in all respects except one.
Orosco asserts in his current rule 3.850 motion that his habitual offender sentence is illegal because he lacks the necessary predicate offenses for such a sentence. That assertion states a facially sufficient claim for postconviction relief under Florida Rule of Criminal Procedure 3.800(a). See Judge v. State, 596 So.2d 73, 77-78 (Fla. 2d DCA 1991) (en banc). Such a claim may be raised at any time. See Fla. R.Crim. P. 3.800(a).
Although the trial court chose to consider Orosco’s sentencing claim under rule 3.850, instead of rule 3.800(a), we do not believe this claim is successive of the claim raised in Orosco’s prior rule 3.850 motion. Unlike Orosco’s current rule 3.850 motion, his prior motion did not raise any sentencing issues. We therefore conclude that Orosco is not barred from raising this sentencing issue by virtue of his prior rule 3.850 motion. See, e.g., Reid v. State, 724 So.2d 127 (Fla. 1st DCA 1998) (holding rule 3.850 motion alleging ineffective assistance of counsel was not successive where previous motions filed pursuant to rule 3.800, but treated as rule 3.850 motions, raised only sentencing issues); Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998) (holding rule 3.850 motion asserting ineffectiveness of counsel was not successive of prior motion filed pursuant to rule 3.850, but really a rule 3.800 motion, attacking defendant’s sentence as being illegal).
We accordingly reverse as to this specific sentencing issue and remand to the trial court for further consideration. In reaching this result, we note that this sentencing issue might be barred if Orosco raised it in a prior rule 3.850 or rule 3.800(a) motion and it was adjudicated on its merits. See, e.g., Raley v. State, 675 So.2d 170, 173 (Fla. 5th DCA 1996); Burns v. State, 637 So.2d 937 (Fla. 2d DCA 1994). If the trial court again denies Orosco’s motion on this claim, it must attach those portions of the record which refute the claim. See Wilson v. State, 692 So.2d 971 (Fla. 2d DCA 1997).
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and CASANUEVA and STRINGER, JJ., Concur.