PER CURIAM.
David Bryan appeals the summary denial of Ms motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Bryan challenges the legality of his sentence based on the fact that he was sentenced under the 1995 sentencing guidelines, which he contends are unconstitutional based on our decision in Heggs v. State, 718 So.2d 263, 264 (Fla. 2d DCA 1998). He asserts that the offenses for which he was sentenced occurred between October 1, 1995, and May 24, 1997.
The trial court denied Bryan’s motion on two grounds. First, the court found that Bryan had filed a prior rule 3.850 motion raising different grounds and that his current motion constituted an abuse of process. Second, the court ruled that this court in Heggs specifically declined to find 1995 sentencing guidelines unconstitutional. The court concluded that it was bound by this precedent. We reverse.
The supreme court has now declared the 1995 sentencing guidelines to be unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000). The fact that Bryan filed a prior rule 3.850 motion which did not raise this issue does not preclude him from obtaining relief on this new ground. His prior rule 3.850 motion raised no sentencing issues. His current motion, which only challenges the legality of his sentence, is really a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). It therefore is not barred as successive and does not constitute an abuse of process. See Orosco v. State, 730 So.2d 815 (Fla. 2d DCA 1999) (holding defendant was not barred from raising sentencing issue in rule 3.850 motion by virtue of prior rule 3.850 motion which did not raise any sentencing issues).
We accordingly reverse and remand for the trial court to determine whether Bryan in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Bryan must be resen-tenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
Reversed and remanded.
BLUE, A.C.J., and FULMER and CASANUEVA, Jj., Concur.