HARRIS, J.

ON MOTION FOR REHEARING

Devlin has asked for rehearing and clarification of our recent per curiam affirmed opinion. Because he makes a good argument that his issue deserves a written opinion, we grant rehearing and issue the following opinion.
In 1995, Devlin was convicted of one count of a multi-count information charging lewd and lascivious assaults upon a child. Devlin subsequently sought post-conviction relief claiming that the State failed to reveal that the victim had a previous felony conviction record and failed to reveal that there was an outstanding warrant for the victim’s arrest at the time of *491 Devlin’s trial. Additionally, Devlin claimed that his attorney was ineffective for failing to discover these facts.
The trial court, after carefully considering these issues, denied relief. We affirm.
Although the victim was a juvenile at the time of the offense, he turned eighteen before the time of trial. Devlin’s counsel was well aware that the victim had a history of juvenile offenses but was unaware that as an adult he had been convicted of a cannabis offense and placed on community control. He was also not aware that at the time of trial, there was a warrant outstanding against the victim for violating the terms of his release by leaving the state without consent.
Devlin contends that the failure of the State to so notify the defense was a Brady violation (rejected in an earlier post-conviction proceeding and appeal)[1] and defense counsel’s failure to discover these facts from a review of the public records constituted ineffective assistance of counsel.
With respect to the failure to notify counsel of the adult cannabis conviction, the trial court, even assuming the State should be responsible for knowing of a conviction in another county, found that any error was harmless. The court held:
In the instant case, the record reflects that trial counsel presented to the jury the fact that the alleged victim (1) was a runaway; (2) has a faulty memory concerning the time and details of the alleged incident(s) occurrence; (3) lied in his initial statement to Investigator Pas-éale; (4) is dyslexic, has emotional problems, and is brain damaged; (5) has abused such drugs as marijuana, LSD, and MDNA (also known as ‘ecstasy’); (6) is a liar and a con man; (7) a drug dealer; (8) arrested for possession of cannabis and drug paraphernalia; (9) has stepped on, trampled on, and abused other’s rights; and (10) has been in a locked up (prison) facility.
We agree with the trial court that the additional argument that as an adult the victim committed another cannabis offense would not have affected the outcome of the trial.
Devlin also argues that had his counsel known of the outstanding warrant at the time of trial, he could have argued that the failure of the State to arrest the victim before trial is evidence that the State had given the victim a “deal” unrevealed to the defense.
The trial court, on this issue, found that the defense failed to prove that the victim was aware that a warrant was outstanding against him or that he received favorable treatment. We agree with Devlin that the court imposed too high a standard in order to make the warrant relevant. Had Devlin known of the warrant without an arrest he should have been able to bring it to the attention of the jury to show possible bias, motive or self interest. But again, if error, it was harmless. At trial, when asked specifically whether she knew of any deal made with the victim in exchange for his testimony, Investigator Pascale responded, “Absolutely not.” The record bears this out. Shortly after his testimony, the victim was arrested, pled guilty to violation of community control, and was sentenced to nine months in prison. At the time of his sentencing, the victim denied any deal relative to this plea. If there was a deal, it could only have been to delay the victim’s arrest until he testified. Further, the victim’s testimony at trial on the critical issue was the same as given in the investigative interviews conducted while the victim was a juvenile and before his adult arrest and community control. Although there were conflicts in his testimony concerning the details of the lewd conduct, conflicts artfully presented to the jury, the victim was *492 consistent, both before and after the alleged “deal,” that Devlin indeed committed the act. We find no reversible error on this point.
We also find no merit to Devlin’s other arguments.
AFFIRMED.
COBB and PLEUS, JJ., concur.

. Even though procedurally barred — See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996) — -we discuss the alleged Brady violation in connection with Devlin's claim of ineffective assistance of counsel.