PER CURIAM.
Donovan Casey Odom challenges an order denying his motion for post-conviction relief. We reverse and remand.
Appellant was charged with possession of a firearm by a convicted felon and trafficking in cocaine. Appellant entered a guilty plea to these charges pursuant to a negotiated plea agreement. Appellant was thereafter sentenced to 30 years on each count, the sentences to be served consecutively. The sentence for possession of a firearm was classified as a habitual felony offender sentence, in accordance with the plea agreement.
Appellant thereafter filed a motion for post-conviction relief, on the authority of rule 3.850, Florida Rules of Criminal Procedure, raising numerous issues as to the voluntariness of the guilty plea and the effectiveness of trial counsel. The lower court denied the motion on the ground that it was barred as a successive motion. This was error.
In an earlier motion, filed pursuant to rule 3.800, Florida Rules of Criminal Procedure, appellant claimed he was improperly sentenced as a habitual felony offender because he did not receive a copy of the state’s notice of intent to seek such sentencing. Thus, the earlier 3.800 motion raised an issue which is substantially dissimilar from the issues raised in the motion under review, and thus, this second motion cannot be said to be successive. See Reid v. State, 724 So.2d 127 (Fla. 1st DCA 1998).
The lower court did consider the merits of appellant’s 3.850 motion and found that the record refuted appellant’s claims. One of those claims, stated in Issue II, is that he was incorrectly advised that he could be given a habitual felony offender sentence with regard to the trafficking charge. The excerpts of the record attached to the lower court’s order denying relief do not conclusively refute this allegation. In fact, the transcript of the plea hearing reflects only that the prosecutor was agreeing not to pursue a habitual felony offender sentence with regard to the trafficking charge; it is not at all apparent that counsel or the trial court understood that such an offense was not subject to sentencing pursuant to the habitual felony offender provisions. See Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000). Thus, the plea negotiations may have been premised on erroneous advice of counsel.
Accordingly, the order denying post-conviction relief is reversed and the cause is remanded for an evidentiary hearing on this ground as well as Issues I, III, and X of appellant’s motion for post-conviction relief.
REVERSED and REMANDED.
VAN NORTWICK, LEWIS and POLSTON, JJ., concur.