ON MOTION FOR REHEARING

GRIFFIN, J.
Appellant, Roger Lee Ferguson [“Ferguson”], seeks rehearing of our per curiam affirmance of the summary denial of his second rule 3.850 motion. We grant the motion for rehearing, withdraw our previous decision, and reverse the appealed order.
Ferguson was charged with aggravated assault with a deadly weapon, battery and aggravated assault. Ferguson was tried, convicted and sentenced as an habitual offender. Ferguson appealed his sentence, but the appeal was dismissed.
Ferguson then filed a rule 3.800(a) motion, claiming that his sentences violated double jeopardy because the same prior felony convictions were used as predicate offenses to qualify Ferguson for habituali-zation and were also scored on the guidelines scoresheet. The trial court ruled that this claim would have to be filed as a rule 3.850 motion because an evidentiary hearing was required, and accordingly denied Ferguson’s rule 3.800(a) motion, without prejudice. Ferguson complied by filing a rule 3.850 motion, raising this same claim. The trial court then reconsidered its earlier decision that an evidentiary hearing was required and summarily denied the motion. The denial was per cu-riam affirmed without opinion in Ferguson v. State, 826 So.2d 316 (Fla. 5th DCA 2002).
Ferguson later filed a second rule 3.850 motion, raising ineffective assistance of counsel claims. The trial court denied this motion as successive, attaching a copy of the prior rule 3.850 motion and order. In his motion for rehearing, Ferguson claims that the prior motion only addressed sentencing issues and, although labeled a rule 3.850 motion, was actually a motion to correct sentence.
In Reid v. State, 724 So.2d 127 (Fla. 1st DCA 1998), relied on by Ferguson, the appellate court reversed the trial court’s denial of a rule 3.850 motion as successive. The court held that where the defendant’s prior motions had been filed pursuant to rule 3.800, addressing only sentencing issues, and the trial court had sua sponte construed those motions as rule 3.850 motions, Ferguson’s second rule 3.850 motion should not be deemed successive. The case before us is slightly different from Reid. In this case, Ferguson complied with the court’s order that his claim was not proper under rule 3.800 by refiling his motion as a rule 3.850 motion, rather than appeal the trial court’s decision.
Also similar is Ramirez v. State, 822 So.2d 593 (Fla. 2d DCA 2002). In Ramirez, the court reversed the denial of a second rule 3.850 motion as successive, finding that the first motion had raised only sentencing errors and the new motion raised claims of ineffective assistance. The district court held that in determining whether the second motion was successive, the trial court should have considered the substance of the first motion, not its title. See also Kelly v. State, 712 So.2d 780 (Fla. 2d DCA 1998)(although defendant’s first motion was labeled a rule 3.850 motion, it was in fact a rule 3.800(a) motion asserting an illegal sentence, so second rule 3.850 motion attacking voluntariness of plea was not successive).
We think that because the trial court refused to hear the sentencing issue raised in Ferguson’s rule 3.800 motion unless it was recast as a rule 3.850 motion and then later acknowledged that it was, after all, reviewable under 3.800, it would not be fair to count the first 3.850 motion against Ferguson for purposes of successiveness. We accordingly reverse and remand to the *195 trial court to consider the current 3.850 motion on the merits, if any.
MOTION GRANTED; ORDER REVERSED.
SHARP, W., and PALMER, JJ., concur.