633 So.2d 13 (1994)
Michael BEDFORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 81896.
Supreme Court of Florida.
March 10, 1994.
*14 Michael Bedford, pro se.
Robert A. Butterworth, Atty. Gen. and James J. Carney, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We exercise our discretion and review Bedford v. State, 617 So.2d 1134 (Fla. 4th DCA 1993). We have jurisdiction under the seldom applicable "all writs" provision of article V, section 3(b)(7) of the Florida Constitution.
We previously had jurisdiction of Bedford's kidnapping sentence in conjunction with his appeal from a conviction of first-degree murder and a sentence of death. Bedford v. State, 589 So.2d 245 (Fla. 1991). In that appeal we vacated Bedford's death sentence with directions to impose a life sentence on the murder charge, but affirmed his kidnapping sentence of life which had been one for life without eligibility of parole. Our attention had not been directed to the correctness of the kidnapping sentence.
Bedford claims the kidnapping sentence is illegal and may be corrected. The district court denied relief on the rationale that we had previously affirmed that sentence and because the law of the case precluded review. Judge Anstead dissented, urging that an illegal sentence may be corrected at any time. We agree with the dissent of Judge Anstead, and for the reasons expressed therein, we hold that an illegal sentence may be corrected even after it has been erroneously affirmed.
In reviewing Bedford's sentence we find that the only illegal part of the sentence is the prohibition of eligibility for parole. The judge could legally impose a life sentence in the kidnapping charge, but could not preclude eligibility for parole for kidnapping. The appropriate remedy, therefore, is to strike the provision relative to parole for the kidnapping charge.
The decision of the district court is quashed, and Bedford's kidnapping sentence is modified by striking the provision that states that Bedford is ineligible for parole for twenty-five years.[*]
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] This does not affect his sentence for first-degree murder.