826 So.2d 914 (2002)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Petitioner,
v.
GOODMAN, etc., et al., Respondent.
Ordonez, etc., Petitioner,
v.
Vargas, et al., Respondent.
Figueroa, etc., Petitioner,
v.
Grzymski, et al., Respondent.
Harrington, etc., et al., Petitioner,
v.
Gutierrez, et al., Respondent.
Ordonez, etc., Petitioner,
v.
Vargas, et al., Respondent.
United Services Automobile Association, Petitioner,
v.
Goodman, etc., et al., Respondent.
Progressive Southeastern Insurance Company, et al., Petitioner,
v.
Delgado, et al., Respondent.
Figuero, etc., Petitioner,
v.
Grzymski, et al., Respondent.
Nos. SC01-1700, SC01-1710, SC01-1797, SC01-1814, SC01-1886, SC01-1887, SC01-1913, SC01-1980.
Supreme Court of Florida.
April 19, 2002.

ORDER DIRECTING CIRCUIT COURT JUDGE TO VACATE ORDERS
These are consolidated cases before this Court involving the petitioners' requests for a writ directing Paul Siegel, Circuit Judge of the 11th Circuit Court for Miami Dade County, Florida, to vacate the following orders:
1. ORDER PROHIBITING ALL-STATE ATTORNEYS FROM USING LAW FIRM NAME IN DIVISION 27 PROCEEDINGS;
2. ORDER PROHIBITING INSURANCE COMPANY IN-HOUSE ATTORNEYS FROM USING FIRM NAMES IN DIVISION 27 PROCEEDINGS;

*915 3. ORDER PROHIBITING INSURANCE COMPANY IN-HOUSE ATTORNEYS FROM VIOLATING THE RULES REGULATING THE FLORIDA BAR BY FAILING TO DISCLOSE INSURANCE COMPANY AFFILIATION IN SIGNING PLEADINGS IN DIVISION 27 LITIGATION.
We accept jurisdiction of these petitions on the basis of article V, section 3(b)(7), Florida Constitution.
We grant the writ and direct that Judge Siegel vacate each of the orders prohibiting defense counsel who are employed as full-time insurance company staff counsel from using their individual firm names in pleadings and correspondence, or requiring insurance company staff counsel to disclose their insurance company affiliation in filing pleadings and other papers in Division 27 litigation over which Judge Siegel presides. We determine that these prohibitions encroach upon this Court's ultimate jurisdiction to adopt rules for the courts, see article V, section 2(a), specifically Rules of Judicial Administration, Rules of Civil Procedure, and Rules Regulating The Florida Bar.
The Florida Bar has notified this Court in this proceeding that the Special Commission on Insurance Practices II has performed a comprehensive study of issues similar to those identified in Judge Siegel's orders and that the commission will submit recommendations from the study to this Court in March 2002. By granting these petitions, we are not ruling upon any matters which may be contained within the recommendations that may be provided in that report.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and QUINCE, JJ., concur.
PARIENTE, J., concurs specially with an opinion in which LEWIS, J., concurs.
PARIENTE, J., specially concurring.
The specific issue we address is whether a trial court may enter a blanket omnibus order requiring a special format for all pleadings that conflicts with existing rules of the court in an attempt to generally regulate insurance company staff attorneys who hold themselves out as a separate and independent law firms. I concur with the quashing of the trial court's orders because I agree that by promulgating a blanket omnibus order that specifically prohibits an attorney from using a specific letterhead or requiring a special format for all pleadings, the trial court has encroached on the rule-making authority of this Court and accordingly this Court appropriately exercised jurisdiction under its all writs jurisdiction.
However, I write to emphasize that this Court specifically does not reach the issue of the propriety of disclosure or non-disclosure of the attorneys' employment by a particular insurance company or whether the attorney's employment as staff counsel to an insurance company may be relevant to the issues in an individual case. The trial court's orders indicate concerns with regard to issues of fraud or misrepresentation during specific trial proceedings. Thus, the quashing of the orders should not be interpreted to mean that a trial court is without any authority to require disclosures of a lawyers' employment in a pretrial disclosure or as a ruling as to issues that may arise during the trial for which information regarding the attorney's employment may be relevant and admissible.
LEWIS, J., concurs.