913 So.2d 541 (2005)
Richard WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
Christopher Curry, Petitioner,
v.
State of Florida, Respondent.
Nos. SC02-1639, SC05-392.
Supreme Court of Florida.
September 29, 2005.
*542 Richard Williams, Pro se, South Bay, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Miami, FL, for Respondent.
PER CURIAM.
Petitioners Richard Williams and Christopher Curry seek to invoke this Court's all writs jurisdiction in an effort to correct their allegedly illegal sentences. See art. V, § 3(b)(7), Fla. Const. We consolidate these cases for purposes of this opinion, and we dismiss both petitions.

A. Facts

Williams was convicted of a criminal offense and was sentenced to forty years' imprisonment and five years' probation. He appealed and the district court affirmed. Williams later filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850, and the circuit court denied relief. Williams appealed and the district court vacated his sentence and remanded for resentencing within the statutory maximum of forty years. After the circuit court imposed a new sentence, Williams again appealed. The district court affirmed. Williams has since filed numerous postconviction motions and petitions challenging the legality of his sentence, and all those motions and petitions have been denied or dismissed. He now has filed in this Court the present all writs petition challenging the legality of his sentence. He claims he is entitled to seek all writs relief under Bedford v. State, 633 So.2d 13 (Fla.1994).
Curry was convicted of several criminal offenses and was sentenced to a term of imprisonment. He appealed and the district court affirmed. Curry has since filed numerous postconviction motions challenging the legality of his sentence, and all those motions have been denied. He now has filed in this Court the present all writs petition challenging the legality of his sentence. He too claims he is entitled to seek all writs relief under Bedford.

B. Analysis

The Florida Constitution authorizes the Court to entertain petitions seeking all writs relief:
(b) JURISDICTION.The supreme court:
. . . .
(7) May issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction.
*543 Art. V, § 3(b)(7), Fla. Const. (emphasis added). This all writs provision, however, does not constitute a separate source of original or appellate jurisdiction. Rather, it operates as an aid to the Court in exercising its "ultimate jurisdiction," conferred elsewhere in the constitution:
[W]e have the jurisdiction conferred by article V, section 3(b)(7), to issue all writs necessary to the complete exercise and in aid of the ultimate jurisdiction imposed [elsewhere in the constitution].
Florida Senate v. Graham, 412 So.2d 360, 361 (Fla.1982); see also St. Paul Title Ins. Co. v. Davis, 392 So.2d 1304, 1305 (Fla.1980) ("The all writs provision of section 3(b)(7) does not confer added appellate jurisdiction on this Court, and this Court's all writs power cannot be used as an independent basis of jurisdiction . . . .").
The Court in Bedford v. State, 633 So.2d 13 (Fla.1994), utilized its all writs authority to address the legality of a criminal sentence. There, Michael Bedford was convicted of first-degree murder and kidnapping and was sentenced to death and life imprisonment without parole, respectively. He appealed and the Court affirmed the convictions and kidnapping sentence but vacated the death sentence and remanded for imposition of a life sentence on that count. On remand, the circuit court imposed a life sentence, and Bedford then filed a motion to correct an illegal sentence with respect to the kidnapping sentence. The court denied the motion, and Bedford appealed. The district court affirmed. Bedford then filed in this Court an all writs petition, and the Court ruled as follows:
Bedford claims the kidnapping sentence is illegal and may be corrected. The district court denied relief on the rationale that we had previously affirmed that sentence and because the law of the case precluded review. Judge Anstead dissented, urging that an illegal sentence may be corrected at any time. We agree with the dissent of Judge Anstead, and for the reasons expressed therein, we hold that an illegal sentence may be corrected even after it has been erroneously affirmed.
In reviewing Bedford's sentence we find that the only illegal part of the sentence is the prohibition of eligibility for parole. The judge could legally impose a life sentence in the kidnapping charge, but could not preclude eligibility for parole for kidnapping.
Bedford v. State, 633 So.2d 13, 14 (Fla.1994). The Court quashed the district court decision and ordered that the parole ineligibility condition be struck from the sentence.
In the present cases, petitioners seek relief from their sentences and they claim that all writs is a proper remedy under Bedford. We disagree. As noted above, the all writs provision does not constitute a separate source of original or appellate jurisdiction but rather operates in furtherance of the Court's "ultimate jurisdiction," conferred elsewhere in the constitution. The Court in Bedford utilized its all writs authority in order to complete the full exercise of its appellate jurisdiction, which it had exercised earlier in that case. See art. V, § 3(b)(1), Fla. Const.[1] In the *544 present cases, in contrast, neither Williams nor Curry cites an independent jurisdictional basis that would allow the Court to exercise its all writs authority, and no such basis is apparent on the face of the petitions.

C. Conclusion

In the past, the Court has dismissed Bedford claims such as these by unpublished order. See, e.g., Floyd v. State, 888 So.2d 622 (Fla.2004); Bell v. State, 888 So.2d 621 (Fla.2004); Schultz v. State, 884 So.2d 24 (Fla.2004). The present opinion is written "merely to clarify, for the benefit of the public and the Bar, this Court's conclusion that it does not have jurisdiction in such cases." Gandy v. State, 846 So.2d 1141, 1144-45 n. 1 (Fla.2003). We dismiss the present petitions for lack of jurisdiction.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] See generally State v. Fourth Dist. Ct. of Appeal, 697 So.2d 70, 71 (Fla.1997) ("In order to clarify our position, we now hold that in addition to our appellate jurisdiction over sentences of death, we have exclusive jurisdiction to review all types of collateral proceedings in death penalty cases. This includes cases in which this Court has vacated a death sentence and remanded for further penalty proceedings. However, our jurisdiction does not include cases in which the death penalty is sought but not yet imposed, or cases in which we have vacated both the conviction and sentence of death and remanded for a new trial.") (citation omitted).