On Order to Show Cause

PER CURIAM.
This court by unpublished opinion affirmed the denial of appellant’s Rule 3.800(a) motion to correct illegal sentence. We issued an order to show cause why this court should not impose the sanction of no longer accepting petitioner’s pro se filings. State v. Spencer, 751 So.2d 47 (Fla.1999). Having considered appellant’s response, which reargues the meritless points that he has raised repeatedly, we exercise our discretion and now impose the sanction of no longer accepting petitioner’s pro se filings.
This case constitutes appellant’s eighth appeal of a Rule 3.800(a) denial in this court.[1] In his last Rule 3.800(a) appeal, 4D09-3418, appellant was cautioned by order that continued repetitive or frivolous filing would result in sanctions. Appellant has repeated the same meritless arguments in many of these motions and in habeas corpus petitions as well.[2] The *1177 present motion was directed at a 1991 case where the court revoked probation and imposed a sentence of four and a half years in prison. Appellant was not sentenced as a habitual violent felony offender (HWO) in this 1991 case. His allegations that he received an illegal HVFO sentence in this case are false.
The sentence for burglary of a dwelling in the 1991 case about which appellant now complains was completed long ago. Appellant is serving two consecutive life sentences as an HVFO for robbery in a 1992 and in a 1993 case. The 1991 case at issue ran concurrent with the life sentences in the 1992 and 1993 cases. Appellant, who has prior robbery convictions as well, qualifies for HVFO sentencing in the 1992 and 1993 cases. The circumstances convince us that this appeal is not only frivolous, but malicious as well.
Appellant again repeats the same merit-less claims regarding the HVFO sentences in the 1992 and 1993 cases. He claims that the State violated section 775.084(5), Florida Statutes, the sequential sentencing requirement, because he was sentenced for the probation violation in the 1991 case and for his new offenses in the 1992 and 1993 cases at the same time and in the same court room.
First, the placing of a defendant on probation qualifies as a sentence for purposes of the sequential sentencing requirement. State v. Richardson, 915 So.2d 86, 88-89 (Fla.2005). Second, appellant’s claim that an offense for which he was on probation could not be used because it “was still an active sentence,” is expressly contrary to the law. Section 775.084(2), Florida Statutes (1991), provides: “For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for tuhich he is to be sentenced toas committed during such probationary period.” (emphasis added). Finally, appellant’s claim that his 1991 case should not have been presented as a prior conviction is without merit. While burglary of a dwelling is not an enumerated offense under the HVFO statute, section 775.084(l)(b), Florida Statutes (1991), the State at sentencing also presented appellant’s prior convictions for robbery in a 1988 and in a 1990 case.
To show that appellant qualified as an HVFO, the State had to establish that appellant had previously been convicted of one enumerated felony (such as robbery). § 775.084(l)(b)l.c., Fla. Stat. (1991). The 1992 and 1993 robberies were committed “within 5 years of the date of the conviction of the last prior enumerated felony.” § 775.084(l)(b)2., Fla. Stat. (1991). The defendant clearly qualifies as a habitual violent felony offender in every sense of the term. Within a span of five years, appellant committed at least four robberies of which he was convicted.
Appellant’s claims that the State’s notice of intent to seek enhanced penalties was insufficient in the 1992 case because it was allegedly signed by someone other than an attorney and because allegedly no notice of intent was filed in the 1993 case, do not allege an illegal sentence. See Ives v. State, 993 So.2d 117, 120 (Fla. 4th DCA 2008) (citing Bover v. State, 797 So.2d 1246, 1251 (Fla.2001)). These arguments, raised some twenty years after sentencing, are devoid of any arguable merit.
Appellant’s repetitive filing of frivolous and malicious postconviction challenges and appeals interferes with this court’s ability to consider legitimate claims. Abuse of postconviction process damages the remedy for other litigants. McCutcheon v. State, 44 So.3d 156, 161 (Fla. 4th DCA 2010). We therefore exercise our discretion and hereafter shall refuse to accept any more of appellant’s pro se filings. The clerk of this court is direct *1178 ed to no longer accept appellant Michael Bayson’s pro se pleadings, petitions, motions, documents, or other filings; we will only accept that filings are signed by a member in good standing of The Florida Bar. No motion for rehearing shall be entertained.
Further, we direct the clerk of this court to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. § 944.279(1), Fla. Stat. (2012).

Sanctions imposed.

WARNER, GROSS and TAYLOR, JJ., concur.

. Case number 4D00-4061 was dismissed; Bayson v. State, 823 So.2d 785 (Fla. 4th DCA 2002) (4D02-1730) (table); Bayson v. State, 868 So.2d 531 (Fla. 4th DCA 2004) (4D03-4766) (table); Bayson v. State, 915 So.2d 1222 (Fla. 4th DCA 2005) (4D05-2649) (table); Bayson v. State, 954 So.2d 1170 (Fla. 4th DCA 2007) (4D06-4437) (table); Bayson v. State, 966 So.2d 400 (Fla. 4th DCA 2007) (4D07-3053) (table); Bayson v. State, 37 So.3d 868 (Fla. 4th DCA 2010) (4D09-3418) (table).

. Bayson v. State, 954 So.2d 36 (Fla. 4th DCA 2007) (4D06-3447) (table) (appeal of habeas corpus denial). A petition for writ of habeas corpus filed in this court, case number 4D08-191, was dismissed.