POLSTON, C.J.,
dissenting.
Because Florida’s constitution does not grant this Court the jurisdiction to generally weigh in on evidentiary rulings and discovery disputes in ongoing civil trials, I respectfully dissent. In fact, with today’s decision, this Court effectively and unconstitutionally usurps the role of the First District Court of Appeal as the appellate court vested with jurisdiction over this interlocutory appeal of a civil evidentiary ruling.
The petitioners seek to invoke this Court’s all writs jurisdiction, but before exercising all writs jurisdiction, this Court must first have an independent basis for jurisdiction. This is because “[t]he all writs provision of section 8(b)(7) does not confer added appellate jurisdiction on this Court, and this Court’s all writs power cannot be used as an independent basis of jurisdiction.” St. Paul Title Ins. Corp. v. Davis, 392 So.2d 1304, 1305 (Fla.1980). In Williams v. State, 913 So.2d 541, 543 (Fla.2005), this Court emphasized that the all writs provision of the Florida Constitution “does not constitute a separate source of original or appellate jurisdiction. Rather, it operates as an aid to the Court in exercising its ‘ultimate jurisdiction,’ conferred elsewhere in the constitution.”
Here, the petitioners concede that this Court does not currently have jurisdiction over this case. The proceedings below involve a dispute over allegedly privileged and confidential documents and a district court order (and an expected, eventual opinion) in the interlocutory appeal of a trial court’s ruling regarding that dispute. The petitioners and the majority hypothesize about what the First District might eventually discuss in its opinion reversing the trial court, but such guesses do not constitute an independent basis for jurisdiction. If the First District, as the major *517 ity hypothesizes, issues an opinion construing the First Amendment to the United States Constitution or an amendment to the Florida Constitution, then this Court could eventually choose to exercise its discretionary jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. However, granting an all writs petition at this point is improper because an independent basis for jurisdiction does not currently exist.
The majority quotes Roberts v. Brown, 43 So.3d 673, 677 (Fla.2010), and claims it is granting this all writs petition to “protect[] jurisdiction that likely will be invoked in the future.” But, unlike this case, there was an independent and non-speculative basis for this Court’s jurisdiction in Roberts, namely this Court’s exclusive jurisdiction over pre-election challenges to constitutional amendments proposed through the citizen initiative process. Id. at 678 (“The applicability of the writ of prohibition in this case hinges upon the identical issue that is determinative of whether the doctrine of all writs applies; that is, the exclusiveness of this Court’s jurisdiction to consider pre-election challenges to proposed citizen-initiative constitutional amendments.”); see also United Servs. Auto. Ass’n v. Goodman, 826 So.2d 914, 915 (Fla.2002) (exercising all writs jurisdiction to vacate circuit court orders that encroached on this Court’s exclusive jurisdiction to adopt rules pursuant to article V, section 2(a) of the Florida Constitution); Fla. Senate v. Graham, 412 So.2d 360, 361 (Fla.1982) (“Because jurisdiction of the issue of apportionment will vest in this Court with certainty in this year we have the jurisdiction conferred by article V, section 3(b)(7), to issue all writs necessary to the complete exercise and in aid of the ultimate jurisdiction imposed by article III, section 16(b), (c) and (f).”). Additionally, the First District’s current order is most akin to an unelaborated per curiam opinion or order merely citing another decision, and this Court has ruled that it does not have extraordinary writ jurisdiction over such opinions and orders. See Persaud v. State, 838 So.2d 529 (Fla.2003) (stating that this Court lacks discretionary review jurisdiction to review per curiam decisions of the district courts that simply affirm with citations to cases not pending review in this Court, and that extraordinary writs also cannot be used to seek review of such decisions); see also Dodi Publ’g Co. v. Editorial Am., S.A., 385 So.2d 1369 (Fla.1980), and Jollie v. State, 405 So.2d 418 (Fla.1981) (together standing for proposition that this Court lacks jurisdiction to review per curiam opinions citing a case not pending review in this Court).
The majority’s action in this case is truly unprecedented. The majority is simply guessing at what the First District’s opinion will state as the basis for its ruling in order to engage in the active trial management of evidentiary rulings that are subject to the jurisdiction of Florida’s district courts of appeal. Moreover, by requiring admission of the evidence at issue, rather than a proffer pending review by this Court of the yet-issued First District opinion, the majority has adjudicated the opinion not yet written to be in error. In short, this Court has predetermined appellate error and awarded the petitioners full relief in the trial court by requiring admission of evidence. Such action does not act to protect this Court’s jurisdiction; it expands it outside the bounds of the constitution.
Accordingly, I respectfully dissent.
CANADY, J., concurs.