# Supreme Court of Florida

————————

No. SC19-693

————————

**MICHAEL ANTHONY BAYSEN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 5, 2019

PER CURIAM.

Michael Anthony Baysen, an inmate in state custody, filed a pro se petition to invoke this Court's all writs jurisdiction.[1]  On July 31, 2019, we dismissed the instant petition and expressly retained jurisdiction to pursue possible sanctions against Baysen.  *Baysen v. State*, No. SC19-693, 2019 WL 3437683 (Fla. July 31, 2019); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  We now find that Baysen has failed to show cause why he should not be barred, and we sanction him as set forth below.

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(9), Fla. Const.

Baysen was convicted in the Fifteenth Judicial Circuit (Palm Beach County) of burglary of a dwelling in case number 501991CF015627AXXXMB, robbery with a gun or deadly weapon and aggravated battery with a deadly weapon in case number 501992CF004265AXXXMB, and robbery with a weapon in case number 501993CF004265AXXXMB. He was sentenced to various terms of incarceration, including life imprisonment for each robbery count, and as a habitual violent felony offender in case numbers 501992CF004265AXXXMB and 501993CF004265AXXXMB. Since 1996, Baysen has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to case numbers 501991CF015627AXXXMB, 501992CF004265AXXXMB, and 501993CF004265AXXXMB.

Including the petition in the instant case, Baysen has filed eighteen pro se petitions with this Court.[2] The Court has disposed of seventeen of these filings to date, not including the petition in this case. The Court has never granted Baysen the relief sought in any of his filings here. Each of the seventeen petitions and notices was denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception. Baysen filed the instant all writs petition on April 25, 2019. In it, Baysen challenged his habitual violent felony offender

_____

2. *See Baysen v. State*, No. SC19-693, 2019 WL 3437683 (Fla. July 31, 2019).

sentences. The Court dismissed the petition[3] and directed Baysen to show cause why he should not be barred from filing any further pro se requests for relief and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279(1), Florida Statutes (2018).

In response to this Court's show cause order, Baysen maintains that his sentences are illegal. However, the Fourth District Court of Appeal, prior to imposing sanctions against Baysen, specifically considered his illegal sentence claims and denied him relief in his eighth appeal of a Rule of Criminal Procedure 3.800(a) motion denial in that court. *See Bayson v. State*, 126 So. 3d 1176 (Fla. 4th DCA 2012).[4] Baysen's inability to obtain the relief he seeks elsewhere does not justify his repeated misuse of this Court's limited judicial resources. Although he expresses remorse and states that he will abstain from further filings in this Court, he asserts that he will never receive the relief sought in his filings if sanctions are upheld against him.

---

3. To the extent Petitioner sought to invoke the Court's all writs jurisdiction, the petition was dismissed for lack of jurisdiction pursuant to *Williams v. State*, 913 So. 2d 541 (Fla. 2005), and *St. Paul Title Insurance Corporation v. Davis*, 392 So. 2d 1304 (Fla. 1980). To the extent Petitioner sought discretionary review, the petition was dismissed for failure to timely file a notice to invoke the Court's discretionary jurisdiction pursuant to rule 9.120(b) of the Florida Rules of Appellate Procedure.

4. This Court and lower courts are inconsistent as to whether the proper spelling is "Baysen" or "Bayson."

Upon consideration of Baysen's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Baysen's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Baysen will continue to burden the Court's resources. We further conclude that Baysen's all writs petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2019).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Michael Anthony Baysen that are related to case numbers 501991CF015627AXXXMB, 501992CF004265AXXXMB, and 501993CF004265AXXXMB, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Baysen's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2019), to forward a copy of this opinion to the

Florida Department of Corrections' institution or facility in which Baysen is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

Original Proceeding – All Writs

Michael Anthony Baysen, pro se, Raiford, Florida,

for Petitioner

No appearance for Respondent