# Supreme Court of Florida

_____

No. SC2023-0740
_____

**LEONARD P. GONZALEZ, JR.,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 14, 2023

GROSSHANS, J.

In this death-penalty case, Leonard P. Gonzalez, Jr., seeks review of a nonfinal order entered by the circuit court. We deny Gonzalez's petition, concluding that the review he seeks must come at a later time, if at all.

## Facts

Gonzalez robbed, shot, and killed a married couple in their home in Escambia County. Based on those events, the State charged Gonzalez with home-invasion robbery and two counts of first-degree murder. A jury found him guilty as charged and,

following the penalty-phase hearing, recommended a sentence of death for each murder by a ten-to-two vote. Accepting the jury's recommendations, the trial court imposed two death sentences.

Gonzalez appealed, raising twelve issues for our review. We found no reversible error and concluded that competent, substantial evidence supported his first-degree murder convictions. *Gonzalez v. State*, 136 So. 3d 1125, 1140-69 (Fla. 2014). Accordingly, we affirmed his convictions and sentences. *Id.* at 1135, 1169.

Following the United States Supreme Court's denial of certiorari review, *see Gonzalez v. Florida*, 574 U.S. 880 (2014), Gonzalez filed a motion in the circuit court asking that his convictions and sentences be vacated, *cf.* Fla. R. Crim. P. 3.851 (establishing rules for collateral challenges in death-penalty cases). In an amendment to that motion, Gonzalez requested relief under *Hurst v. Florida*, 577 U.S. 92 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016) (on remand). In response to the amendment, the State conceded that Gonzalez was entitled to a new penalty phase under *Hurst v. State*. Consistent with the State's concession, the circuit court vacated and set aside Gonzalez's death sentences and

ordered a new penalty phase. The court, however, denied Gonzalez any other relief.

Since that ruling, death-penalty law in Florida has undergone significant changes. In the wake of *Hurst v. State*, the Legislature codified that decision's jury-unanimity requirement. Ch. 2017-1, § 1, Laws of Fla. Just three years later, though, we partially receded from *Hurst v. State*, holding that juror unanimity is not a constitutional requirement. *State v. Poole*, 297 So. 3d 487, 507 (Fla. 2020). Then, this year, the Legislature amended the death-penalty statute and removed the unanimity requirement: the statute now authorizes a death recommendation if eight or more jurors determine that death is the appropriate punishment. Ch. 2023-23, § 1, Laws of Fla. (codified at § 921.141(2)-(3), Fla. Stat. (2023)).

Following this legislative change, Gonzalez sought an order declaring that the amended statute does not apply in his case. In part, Gonzalez argued that application of the amended statute would be unconstitutional, would violate certain preclusion doctrines, and would be inconsistent with the presumption that substantive statutes should apply prospectively. The circuit court,

however, disagreed with Gonzalez, ruling that the amended statute would apply at his upcoming penalty phase.[1]  In response to that adverse ruling, Gonzalez filed the petition that is now before us.

**Analysis**

Gonzalez seeks to invoke our all-writs authority as well as our authority to issue writs of prohibition.  *See* art. V, § 3(b)(7), Fla. Const.  On the merits, he primarily argues that the circuit court was wrong in ruling that the new statute could be lawfully applied at his upcoming penalty phase.  We, however, do not reach the merits of Gonzalez's petition.  Instead, we conclude that the relief sought is not available by way of prohibition or our all-writs authority.

Under article V, section 3(b)(7), we have discretionary authority to issue writs of prohibition.  Such writs are preventative and operate to preclude a lower court from acting in excess of its jurisdiction.  *English v. McCrary*, 348 So. 2d 293, 297 (Fla. 1977) ("Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of

---

1.  The court denied Gonzalez's motion for rehearing.

- 4 -

jurisdiction." (citing *Burkhart v. Circuit Court of the Eleventh Judicial Circuit*, 1 So. 2d 872 (1941))); *Mintz Truppman, P.A. v. Cozen O'Connor, PLC*, 346 So. 3d 577, 580 (Fla. 2022) (discussing scope of writ of prohibition). Here, the circuit court certainly has jurisdiction to conduct the new penalty phase; indeed, it must do so if it is to impose a new death sentence. *See State v. Okafor*, 306 So. 3d 930, 933-35 (Fla. 2020); *State v. Jackson*, 306 So. 3d 936, 940 (Fla. 2020). Such jurisdiction would not be affected by the court's decision to apply the new statute, either in instructing the jury or in ultimately rendering its sentence. Accordingly, a writ of prohibition could not supply the relief Gonzalez requests.

Gonzalez fares no better in seeking to invoke our all-writs power. We have long recognized that the all-writs provision does not give us "added appellate jurisdiction." *Williams v. State*, 913 So. 2d 541, 543 (Fla. 2005); *see also St. Paul Title Ins. Corp. v. Davis*, 392 So. 2d 1304, 1305 (Fla. 1980). Since this writ "operates as an aid to the Court in exercising its 'ultimate jurisdiction,' conferred elsewhere in the constitution," *Williams*, 913 So. 2d at 543, "its use is restricted to preserving jurisdiction that has already been invoked or protecting jurisdiction that likely will be invoked in the future,"

*Okafor*, 306 So. 3d at 933 (quoting *Roberts v. Brown*, 43 So. 3d 673, 677 (Fla. 2010)).  Gonzalez has failed to show how issuance of a writ here is necessary to preserve or protect our jurisdiction.

We note two things.  First, if the circuit court was to impose the death penalty, we would have appellate jurisdiction under section 3(b)(1) to review that sentence.  In such a proceeding, Gonzalez could advance arguments like the ones presented in his petition.  And second, the circuit court's adverse ruling on the applicability of the new statute does not alter the nature of the proceedings below.  Like other capital defendants, Gonzalez will have the opportunity to challenge the State's aggravating evidence, present his own mitigating evidence, and argue to the jury and judge that a life sentence is the appropriate punishment in his case.

## Conclusion

For these reasons, we deny Gonzalez's petition.[2]

It is so ordered.

---

2.  We have considered other discretionary-writ provisions in section 3(b) and conclude that they would not support the nonfinal review that he seeks.  Nor would a motion to compel mandate support immediate review either.

MUÑIZ, C.J., and CANADY, COURIEL, FRANCIS, and
SASSO, JJ., concur.
LABARGA, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION
AND, IF FILED, DETERMINED.

LABARGA, J., concurring in result.

Because I agree that Gonzalez has not made the necessary

showing for the exercise of this Court's writ authority, I concur in

the result.

Original Proceeding – Prohibition

Ira W. Still, III of Law Offices of Ira Still, Coral Springs, Florida; and
Joseph A. Chambrot of the Law Office of Joseph A. Chambrot,
Miami, Florida,

    for Petitioner

Ashley Moody, Attorney General, Scott Browne, Chief Assistant
Attorney General, Henry C. Whitaker, Solicitor General, and Jeffrey
Paul DeSousa, Chief Deputy Solicitor General, Office of the Attorney
General, Tallahassee, Florida,

    for Respondent

Howard L. "Rex" Dimmig, II, Public Defender, Steven L. Bolotin,
Rachel P. Roebuck, and Peter N. Mills, Assistant Public Defenders,
Tenth Judicial Circuit, Bartow, Florida,

    for Amicus Curiae Howard L. "Rex" Dimmig, II, Public
    Defender for the Tenth Judicial Circuit