# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0381
Lower Tribunal No. 24-AP-2-M
_____

**Richard Harper,**
Petitioner,

vs.

**City of Key Colony Beach,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Andrew M. Tobin, P.A., and Andrew M. Tobin (Tavernier), for petitioner.

Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A., and Jeffrey L. Hochman (Fort Lauderdale), for respondent.

Before EMAS, LOGUE, and GORDO, JJ.

LOGUE, J.

Richard Harper, an owner of residential property in the City of Key

Colony Beach, obtained City building permit 11261 to make renovations on his property in September 2019, and began construction on October 1, 2019. Under the terms of the governing code, Harper was required to complete the work within fifteen months. Nevertheless, due to the COVID pandemic and other matters, Harper's permit was extended for several years. The City, however, ultimately took the position that the permit had expired without completion of the work and began sanctioning Harper.

In a prior matter, we denied Harper's petition for second-tier certiorari review of an August 14, 2023 opinion of the circuit court appellate division. In that opinion, the circuit court upheld an order of the City's Code Enforcement Board finding that the permit had expired, fining Harper, and requiring him to refile for a continuation permit to complete the work. Harper v . City of Key Colony Beach, 394 So. 3d 205 (Fla. 3d DCA 2024).

In the instant case, Harper again seeks second-tier certiorari review, this time seeking to quash the January 3, 2025 opinion of the circuit court sitting in its appellate capacity. This opinion upheld a December 1, 2023 Special Magistrate's Code Enforcement Final Order Imposing Fine. He again asserts that his permit never expired. For essentially the same reasons, we again deny this petition for second-tier certiorari, mainly due to the extremely limited nature of the review provided by this remedy. Id. See also Custer

2

Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) ("[W]hen a district court considers a petition for second-tier certiorari review, the 'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law.") (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)).

Harper also seeks review of the circuit court's denial of his petition for relief under the circuit court's "all writs" authority. Harper accurately points out that Florida circuit courts are constitutionally authorized "to issue writs of mandamus, quo warranto, certiorari, prohibition and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction." Art. V, § 5(b), Fla. Const. The authority to issue "all writs," however, is not an independent basis to grant relief but only a vehicle to protect, usually by stays, the court's jurisdiction to provide other forms of relief expressly enumerated in the constitution. Because Harper did not cite an independent basis that would allow the circuit court to exercise its all writs authority, we find no legal error in the trial court's denial of the petition. See Williams v. State, 913 So. 2d 541, 543-44 (Fla. 2005); St. Paul Title Ins. Corp. v. Davis, 392 So. 2d 1304, 1305 (Fla. 1980).

Petition denied.